(65 Misc. Rep. 394.)

### PEOPLE v. JOLINE et al.

(Supreme Court, Special Term, New York County.   July, 1909.)

1. CARRIERS (§ 9*) — REGULATION — REPORTS — PUBLIC SERVICE COMMISSIONS ACT—CONSTRUCTION.

Public Service Commissions Act (Laws 1907, c. 429) § 46, provides that each commission shall prescribe the form of the annual reports required under the act to be made by common carriers, street railway corporations, etc.; that the contents of such report and the form thereof shall conform as near as may be to that required of common carriers under the act of Congress to regulate commerce (Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3170]); and that the commission may require such report to contain information relative to rates or regulations concerning fares or freights, contemplates a report independently of the one expressly required by Railroad Law (Laws 1890, c. 565) § 57, to be filed as required by the railroad law, or else such report as may be indicated by the commission in the form which it prescribes.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 3; Dec. Dig. § 9.*].

2. CARRIERS (§ 20*)—REGULATION—FAILURE TO FILE REPORT—PLEADING.

In an action by the Public Service Commission to recover the penalty prescribed for failure of a street railway corporation to file an annual report, the complaint alleging that on June 26, 1908, plaintiff "duly prescribed the form of annual report, as aforesaid, * * * and * * * furnished to the defendants, as receivers as aforesaid, a blank form for said report," is a sufficient allegation that a form was prescribed, and that it was furnished to defendants on June 26, 1908.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 47; Dec. Dig. § 20.*]

3. CARRIERS (§ 20*)—REGULATION—FAILURE TO FILE REPORT—PLEADING.

Defendants could not by demurrer take advantage of the absence of allegations of fact in the complaint under which evidence could be received to prove that the blank form prescribed conformed as near as might be to that used by the Interstate Commerce Commission.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 47; Dec. Dig. § 20.*]

4. COURTS (§ 500*)—JURISDICTION—ACTION AGAINST FEDERAL RECEIVERS FOR FAILURE TO FILE REPORT—"STREET RAILROAD CORPORATIONS."

The Public Service Commissions act (Laws 1907, c. 429) provides that the term "street railroad corporations" includes receivers. Section 59 provides that an action to recover a penalty or forfeiture under the act may be brought in any court of competent jurisdiction in the state in the name of the people. Act Cong. Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582), provides that every receiver of any property appointed by a federal court may be sued without previous leave of the court. Held, that the state Supreme Court has jurisdiction of an action against federal receivers of a street railway corporation to recover the prescribed penalty for failure to make and file the annual report required by law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1407, 1408; Dec. Dig. § 500.*

For other definitions, see Words and Phrases, vol. 7, pp. 6695-6696.]

Action by the People, by the Public Service Commission for the First District, against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company.   On demurrer to the complaint.   Demurrer overruled.

Oliver C. Semple, for plaintiff.
Arthur H. Masten, for defendants.

HENDRICK, J. This action is brought to obtain a judgment against defendants in their representative capacity for their failure to file an annual report "for the sum of $100 penalty for each and every day of such default, or in all, for the sum of $7,600." Plaintiff alleged that the defendants "did not on or before September 30, 1908, or at any time, make or file the said annual report of the operations of said railroad for the year ending June 30, 1908, and of its condition on that day, in the form as prescribed, or otherwise, and have wholly failed to make or file the same." In support of their demurrer, on the ground "that the complaint does not contain facts sufficient to constitute a cause of action," defendants make the claim that no penalties have accrued, because no statute requires the filing of an annual report. They refer to section 46 of the Public Service Commissions act (Laws 1907, c. 429), and point out that the only annual report prescribed is the one required under this act; and they argue that the act does not require the filing of any report. Said section, so far as it is pertinent to that question, reads as follows:

"Each commission shall prescribe the form of the annual reports required under this act to be made by common carriers, railroads and street railway corporations. * * * The contents of such report and the form thereof shall conform as near as may be to that required of common carriers under the provisions of the act of Congress, entitled 'An act to regulate commerce.' * * * The commission may require such report to contain information in relation to rates or regulations concerning fares or freights. * * * The annual report required to be filed by a common carrier, railroad or street railway corporation shall be so filed on or before the thirtieth day of September in each year."

It is conceded that section 57 of the railroad law (Laws 1890, c. 565) requires every such corporation to file an annual report. Whether section 46, above quoted, refers to such reports, may be a debatable question; but I think section 46 provides for the making and filing of such a report independently of the railroad law. The words "the annual report required to be filed by a common carrier" are sufficiently definite to indicate an intention by the Legislature that such report shall be filed as is required by the railroad law, or else such report as may be indicated by the commission in the form which it prescribes. It is not material for the purpose of the point under consideration whether the form referred to is definitely described or not. The commission is directed to prescribe a form as near as may be to that required by the interstate commerce act (Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3170]), and the corporations are directed to fill out the form and have it filed in the office specified.

Another point urged by defendants is that they are not in default, because the complaint does not allege that a blank form was furnished to them within a reasonable time before September 30, 1908, when the annual report should have been filed. Defendants' admit by their demurrer that they filed no report of any kind at any time; and it seems to be assumed by both sides that an excuse for their failure is not a matter of defense, but that it is a matter to be pleaded and proved by plain-

tiff. The point seems to be that in this action for a penalty plaintiff must allege that it furnished a blank form within a reasonable time before the report was required to be filed, and that the defendants thereafter made default in omitting to file the report. Assuming, as both parties assume, that plaintiff's cause of action would be incomplete without an allegation that a form of report was seasonably furnished to defendants, we must turn to the complaint in order to determine whether such an allegation is contained therein. Omitting portions of the allegations not necessary to be considered under the point in question, the complaint reads as follows:

"(6) The Public Service Commission of the First District, as aforesaid, on the 26th day of June, 1908, duly prescribed the form of annual report, as aforesaid, * * * and * * * furnished to the defendants, as receivers as aforesaid, a blank form for said report."

I think that within the rules applicable to the construction of pleadings that paragraph alleges two facts, one of which is that on June 26, 1908, a form was prescribed, and that on June 26, 1908, that form was furnished to defendants. I have omitted the word "duly" before furnished, and the words "as required by law." The word "duly" seems to be superfluous, as plaintiff is not attempting to plead a "judgment or other determination," and therefore section 532 of the Code of Civil Procedure has no application. Whether the blank form was furnished "as required by law" is a question to be determined by the court, and not one to be assumed and pleaded by a party to the litigation. When the Code requires a cause of action to be stated in plain and concise terms, the requirement cannot be satisfied by the substitution of words like "duly" and "as required by law" in place of the facts themselves. I find no difficulty, however, without those words, in finding an allegation that the blank form was furnished on June 26, 1908. As the report must be filed on or before September 30th, it follows that the form must be furnished a reasonable time prior to that date, or the act of furnishing it would be wholly superfluous. While the allegation is that the form was furnished in June, it would probably be an immaterial variance, should the proof show that it was served at a later date, provided that the service was early enough to enable defendants to use it in making up their report. Of course, if plaintiff failed to prove that the blank form was furnished within a reasonable time before September 30, 1908, its action would fail.

In the view taken by me and just stated, it may not be necessary for me to refer to plaintiff's contention that it is not required by the statute to furnish a blank form, except in those cases where changes or additions have been made in the form of report prescribed. I am unable to perceive any force in this contention. It seems probable that the convenience of corporations and public officers would be greatly served by the filing of reports as nearly uniform in the manner of their making up as it is practicable to make them. Such uniformity would require each year the transmission to every such corporation of a form prescribed by the commission; and I have no doubt that the Legislature intended and has so directed that such a blank form be furnished within a reasonable time prior to the date on which the report must be filed.

Defendants make a further point that no facts are alleged in the complaint under which evidence can be received to prove that the blank form prescribed conforms as near as may be to that used by the Interstate Commission. I am inclined to look upon the provision requiring the form to be prepared in that manner not wholly directory, perhaps, but as leaving the matter very much to the judgment and discretion of the commission. It is not a matter which very closely concerns the defendants. Perhaps, if the form prescribed was such as to greatly harass the defendants, they might have some remedy; but I do not think that the remedy consists in a demurrer to the complaint.

Another ground of demurrer is that this court is without jurisdiction, and defendants contend that defendants are not a corporation, but are the officers of a federal court. The Public Service Commissions act provides that the commission in the First District extends to railroads and street railroads within the district, and to persons or corporations operating the same. The act also provides that the term "street railroad corporations" includes "trustees or receivers appointed by any court whatsoever," and that a street railroad "includes every railroad, by whatsoever power operated * * * upon, along, above or below any street." The Public Service Commissions law (section 59) provides that an action to recover a penalty or a forfeiture under that act may be brought in any court of competent jurisdiction in this state in the name of the people, and shall be commenced and prosecuted to final judgment by counsel to the commission. Finally, it is provided by section 3 of the act of Congress, dated August 13, 1888 (chapter 866; 25 Stat. 436, 1 U. S. Comp. St. 1901, p. 582), that every receiver of any property appointed by a federal court may be sued without previous leave of the court. Under that statute, it seems to have been decided that federal receivers may be sued in a state court. Texas & P. R. Co. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81; Erb v. Morasch, 177 U. S. 584, 20 Sup. Ct. 819, 44 L. Ed. 897. It seems, therefore, that this court has jurisdiction both of the person of defendants and of the cause of action. I conclude, therefore, that the complaint alleges a cause of action under the statute, and that the demurrer must be overruled, with leave to defendants to withdraw the same and plead over on payment of costs.

Demurrer overruled.